**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Buffalo Seafood House LLC, et al., | No. MC-23-00052-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Republic Services Incorporated, et al., | |
| Defendants. | |

This subpoena enforcement action arises out of a complex class action currently pending in the United States District Court for the District of South Carolina. On November 17, 2023, Plaintiffs served nonparty and Arizona resident Timothy E. Stuart, the former Chief Operating Officer and Executive Vice President of Defendant Republic Services Inc., with a subpoena issued by the South Carolina court requiring Mr. Stuart's deposition. (Doc. 2 at 6.) On December 8, 2023, Mr. Stuart filed with this Court a motion to quash his subpoena or, in the alternative, for a protective order. (Doc. 1.) Pending now before this Court is Plaintiffs' motion to transfer Mr. Stuart's motion to quash to South Carolina district court, where the action is currently pending, pursuant to Federal Rule of Civil Procedure 45(f). (Doc. 10.) The motion is fully briefed. (Docs. 10, 11.) For the reasons that follow, the Court grants Plaintiff's motion to transfer pursuant to Rule 45(f).

**I.     Discussion**

Rule 45(f) of the Federal Rules of Civil Procedure governs transferring a subpoena-

related motion and provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if . . . the court finds exceptional circumstances." Although Rule 45(f) does not define "exceptional circumstances," the 2013 Advisory Committee Notes provide the following explanation:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45, advisory committee notes to the 2013 amendments. The party seeking transfer bears the burden of demonstrating that exceptional circumstances exist. *Id.* In deciding whether to transfer under Rule 45(f), a court may consider the following factors related to the underlying litigation: complexity, procedural posture, duration of pendency, and nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation. *E4 Strategic Solutions, Inc. v. Pebble Ltd. P'ship*, SA MC 15-00022-DOC, 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015).

Here, the Court finds these factors strongly militate in favor of transferring Mr. Stuart's motion to quash to the issuing court. Plaintiffs' case is a consolidated class action that has been pending since 2021. Of the consolidated cases, one has over 200 docket entries despite only being in the class certification stage. *See Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 518 (S.D. Fla. 2021) (noting duration of pendency and considerable number of docket entries in finding transfer appropriate under Rule 45(f)). Plaintiffs allege that Defendants Republic Services Inc. and its various subsidiaries breached a form contract and unjustly enriched themselves by overcharging thousands of customers for waste disposal services. (Doc. 10-3.) Plaintiffs claim their relief exceeds $5 million dollars and their proposed class consists of more than 100 members with individuals from South Carolina, Florida, and California. (*Id.*) In other words, the underlying case involves highly

technical issues, a sizable putative plaintiff class and numerous defendant entities, and laws from various jurisdictions. The parties have already engaged in extensive discovery, with more than a dozen depositions taken and hundreds of thousands of pages of discovery exchanged. Given this, the Court finds the complexity and duration of pendency of the underlying case weigh in favor of granting transfer, ensuring that this court does not "disrupt[] the issuing court's management of the underlying litigation." Fed. R. Civ. P. 45(f).

The Court is also persuaded that the issuing court would be better suited to evaluate Mr. Stuart's objections to the subpoena, which appear wholly based on the "apex doctrine." (*See* Doc. 1.) Under the apex doctrine, a court may preclude a party from deposing an employee who is near the apex of corporate hierarchy given that "such discovery creates a tremendous potential for abuse or harassment." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374, 2007 WL 205067, at *3 (N.D. Cal. May 9, 2011). In considering whether to allow the deposition of an apex executive, a court considers: (1) "whether the executive has unique, first-hand, non-repetitive knowledge of the facts at issue in the case" and (2) "whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Klungvedt v. Unum Grp.*, No. 2:12-cv-00651-JWS, 2013 WL 551473, at *3 (D. Ariz. Feb. 13, 2013). Here, the issuing court—having already ruled on at least three discovery-related disputes—would have more familiarity with the facts and issues involved in the case and, in turn, would be better equipped in deciding whether Mr. Stuart has unique, first-hand, non-repetitive knowledge of such facts.[1] The issuing court is best suited to rule on "issues of relevancy, proportionality, and scope of the deposition." *Hoog*, 338

---

[1] Plaintiffs contend that the issuing court has previously ruled on and rejected the apex doctrine objection as it related to Defendants' executives, but that is not so. The transcripts that Plaintiffs have provided indicate that the issuing court has *considered* but not necessarily ruled on the applicability of the apex doctrine. In those transcripts, the issuing court noted that the apex doctrine may apply at some point during the litigation but made no specific findings as to who specifically the doctrine would apply to. (Doc. 10-1 at 14–15.) That said, the transcripts affirm that the issuing court is in a better position to evaluate the merits of such objections given the court's familiarity with the facts underlying the claims, the history of discovery, and the pertinent players and witnesses within the litigation.

F.R.D. at 518; *see also 3B Med, Inc. v. Resmed Corp.*, No. 16-CV-2050-AJB-JMA, 2016 WL 6818953, at *3 (S.D. Cal. Oct. 11, 2016) ("The Florida district court has already ruled on discovery-related motions in this matter, including motions of third-party subpoenas. Because the Middle District of Florida is in a better position to rule on these motions based on its familiarity with the issues involved, the Court finds exceptional circumstances exist and that transfer is permitted under Rule 45.")"

The Court is further persuaded that transfer is appropriate here given that a motion to compel is currently pending before the issuing court and that motion involves Mr. Stuart's alleged contractual obligations to sit for a deposition. (Doc. 10-2.) Given the related nature of the two motions, transfer would avoid the risk of "inconsistent rulings" and serve "judicial economy." *Jacobs v. Advanced Dermatology & Skin Cancer Specialists PC*, No. MC-23-00032-PHX-DWL, 2023 WL 8185701, at *5 (D. Ariz. Nov. 27, 2023) ("[A] ruling here on the merits of [non-party's] motion may further complicate already-complex litigation with multiple defendants.").

The Court acknowledges that transfer imposes some burden on Mr. Stuart; however, it is not unduly burdensome. For one, the only burden Mr. Stuart points to is the risk of him and his counsel having to travel to South Carolina for a hearing. (Doc. 11 at 7.) However, "the cost of litigation alone does not amount to an unfair prejudice." *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 430 (N.D. Cal. 2014). Moreover, as evidenced by Mr. Stuart's use of the word "risk," this burden is not certain. The issuing court may very well allow Mr. Stuart and his counsel to appear telephonically. Indeed, the Advisory Committee "encourages judges to 'permit telecommunications' to minimize travel costs after a Rule 45(f) transfer." *Id.* There is even the possibility that Mr. Stuart and his counsel need not appear at all should the matter be resolved on the papers. On the whole, though, any costs imposed on Mr. Stuart are "outweighed by the importance of ensuring consistency in rulings on the issues involved, preserving judicial economy, and permitting the court with the most experience and knowledge of the facts to rule on these matters." *Id.* at 431.

1    Accordingly, pursuant to Federal Rule of Civil Procedure 45(f), the Court finds that
2 exceptional circumstances exist, permitting transfer of Mr. Stuart's motion to quash
3 subpoena or, in the alternative, for a protective order (Doc. 1) to the United States District
4 Court for the District of South Carolina.

**IT IS ORDERED** that Plaintiffs' Motion to Transfer (Doc. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is **DIRECTED** to transfer Mr. Stuart's Motion to Quash or, in the alternative, Motion for a Protective Order (Doc. 1) to the United States District Court for the District of South Carolina.

Dated this 10th day of January, 2024.

Douglas L. Rayes
United States District Judge